LAW OFFICES OF
WILLIAM FENTON SINK

WILLIAM FENTON SINK  #3546
Dillingham Transportation Bldg.
735 Bishop Street, Suite 400
Honolulu, Hawai'i 96813
Telephone: 531-7162

Attorney for Plaintiff

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2015 JUL 24 PM 4:11

J. KUBO
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| MARYA I. POORE,<br><br>  Plaintiff,<br><br>vs.<br><br>STATE FARM INSURANCE COMPANY, JOHN AND MARY DOES 1-10, DOE CORPORATIONS, PARTNERSHIPS or OTHER ENTITIES 1-10,<br><br>  Defendant. | CIVIL NO.: 15-1-1446-07  ECN<br>(Motor Vehicle Tort)<br><br>**COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS** |

## COMPLAINT

Plaintiff MARYA I. POORE, by and through her above named attorney, for a complaint against the Defendant, for actions related to refusal to pay for injuries caused by a motor vehicle tort, allege and aver as follows:

*I. Parties.*

1. That at all times mentioned herein, Plaintiff MARYA I. POORE (hereinafter referred to as "MARYA" or "Plaintiff") resided in the City & County of Honolulu, State of Hawai'i.

I do hereby certify that this is a full, true and correct copy of the original on file in this office

Clerk, Circuit Court, First Circuit

**EXHIBIT "A"**

2. That at all times mentioned herein, Defendant STATE FARM INSURANCE COMPANY (hereinafter referred to as "Defendant" or "STATE FARM") was and is a corporation engaged in the business of providing insurance in the City & County of Honolulu, State of Hawai'i and is Plaintiff's insurance carrier.

3. That Defendants JOHN AND MARY DOES 1-10 and DOE CORPORATIONS, PARTNERSHIPS or OTHER ENTITIES 1-10 (hereinafter collectively "Doe Defendants") are other persons or entities which owned, possessed, controlled or in some manner were responsible or liable for the events and incident described herein, that caused Plaintiff's injuries. Doe Defendants are named herein as parties pursuant to Rule 17(d) of the Hawai'i Rules of Civil Procedure. Plaintiff will identify such defendants when their names and capacities are ascertained.

## *II. Statement of Facts.*

4. That on or about September 9, 2014 at approximately 10:50 a.m., MARYA was traveling west on Vineyard Street prior to Maunakea Street when a driver struck the vehicle driven by MARYA. The driver fled the scene of the collision.

5. Defendant State Farm is a huge insurance corporation in the State of Hawai'i and has refused to make a good faith offer to settle Plaintiff's UM claim, despite Plaintiff having demanded that State Farm pay under the policy. Plaintiff again makes said demand.

## *III. Statement of Allegations.*

6. Defendant STATE FARM is the responsible uninsured motorist carrier and has refused, and continues to refuse, to negotiate in good faith with Plaintiff; and by doing so has presently, and in the past, acted in a conspiracy with other persons or entities, including

2

unethical doctors, to deny Plaintiff's, and others similarly situated, fair payment under the underinsured motorist policy in this case; and further has done so in diverse cases throughout the State of Hawai'i.

8. State Farm engaged in delay tactics and forced this litigation, although Plaintiff cooperated in all respects with State Farm's demands, and State Farm, in perfidy, attempted to mislead Plaintiff MARYA as to her rights under the policy.

9. The Policy. Defendant issued an insurance policy to which Plaintiff was a beneficiary.

10. State Farm violated the policy and its contractual obligations in bad faith and intentionally interfered with Plaintiff's economic advantage while in conspiracy.

11. That as a direct and proximate result of the motor vehicle accident, MARYA received serious personal injuries, some or all of which are permanent; as a result, MARYA has suffered physical pain and mental distress; suffered a diminished capacity to enjoy life; sustained loss of income, a diminished earning capacity, property damage and other economic losses; incurred medical bills for treatment and care, and will continue to do so in the future; and has been compelled to hire additional services. Plaintiff respectfully asked for coverage under this policy, but STATE FARM refused to deal fairly with Plaintiff and has denied Plaintiff's uninsured motorist claim and has engaged in the tort of intentional infliction of emotional distress.

12. Plaintiff's Harm. As a result of the Defendant's bad faith handling of Plaintiff's claim, failure to pay MARYA'S claim, and conspiracy with others, MARYA was deprived of the benefits due to her under the policy, and suffered severe emotional distress.

13. <u>Defendant's Oppression, Fraud, and Malice</u>. In doing these acts described in this Complaint, Defendant knew that they would cause financial and emotional injury to MARYA with a conscious disregard of MARYA'S right to the proceeds of the policy, subjected Plaintiff to cruel and unjust hardship in conscious disregard of his right to the proceeds of the uninsured motorist policy, made misrepresentations to Plaintiff, concealed material facts from Plaintiff with the intention of depriving Plaintiff and all like him of the policy proceeds to which policyholders are entitled. Defendant State Farm's officers and managing agents knew of this misconduct and encouraged that misconduct, doing nothing to correct the situation, and thereby ratified State Farm's wrongdoing. State Farm makes promises in the media that State Farm will pay claims, but refused pay in this case and refuses, in diverse cases, to pay legitimate claims.

14. In reviewing MARYA'S UM claim, Defendant, through its agents and co-conspirators, acted illegaly in denying MARYA'S claim in the following respects:

a. Inadequate Investigation. Through its agents, in breach of State Farm's duty to review MARYA'S claim in good faith and to investigate every available source of information, State Farm set out to collect the minimum facts necessary to deny the claim. If Defendant's agents had conducted a competent investigation, they would have received information showing that State Farm had no right to refuse to pay the policy limits.

b. Delay. Defendant has delayed paying Plaintiff her UM proceeds due under the policy.

c. Forcing Insured to Seek Legal Redress. By denying Plaintiff's claim, Defendant, knowing that it had no legal justification for doing so, purposefully forced Plaintiff to file this Complaint in order to obtain the insurance proceeds to which she is entitled.

d. Deception. Defendant's agents, realizing that Defendant had no legal grounds for denying or delaying payment of Plaintiff's claim, limited obtaining an adequate file relating to Plaintiff's policy for the purpose of creating a perfidious reason for denying Plaintiff's claims where no such real reason existed and then and now refused to pay UM benefits.

e. Misinterpretation. Defendant's agents, in order to deny Plaintiff's claim, purposefully interpreted the medical records in a fashion favoring Defendant, knowing that this interpretation was contrary to the case law, statutes of the State of Hawai'i, contract and common decency.

f. Exploitation of Fraud. In the course of adjusting the claim, Defendant exploited Plaintiff.

15. Defendant is engaged in the business of insurance in the State of Hawai'i, and the policy was issued and delivered in the State of Hawai'i.

16. Defendant committed the acts referred to above knowingly and as part of a general business practice of bad faith, intent, negligence, HWPEA, IIED, NIED, Conspiracy and Fraud.

a. misrepresenting pertinent facts and insurance policy provisions;

b. failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

c. failing to adopt and implement reasonable standards for the prompt investigation of claims;

d. refusing to pay claims without conducting a reasonable investigation based upon all available information;

  e. failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

  f. not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

  g. compelling insureds to institute litigation to recover amounts due under insurance policies by offering substantially less than the amounts ultimately recovered in action brought by such insureds;

  h. attempting to settle a claim for less than the amount to which a reasonable person would have believed she was entitled by reference to written or printed advertising material accompanying or made part of an application;

  i. making known to insured a policy of appeal from arbitration awards in favor of insured or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration; and,

  j. failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy.

  17. These acts also constitute violations of HRS § 480 et. seq. as well as the insurance code.

*IV. Prayer.*

  Wherefore, Plaintiff prays:

  1. General damages for Plaintiff's past, present, and future physical, medical and psychological injuries according to proof;

  2. For uninsured damages;

3. For punitive damages;

4. For pre-judgment interest, Plaintiff's cost of suit, and attorney's fees; and

5. For such further relief as the Court may deem just.

Dated: Honolulu, Hawai'i, _____JUL 24 2015_____.

                                                WILLIAM FENTON SINK
                                                Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| MARYA I. POORE, | ) CIVIL NO.: _____ |
| | ) (Motor Vehicle Tort) |
| Plaintiff, | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| vs. | ) |
| | ) |
| STATE FARM INSURANCE COMPANY, | ) |
| JOHN AND MARY DOES 1-10, DOE | ) |
| CORPORATIONS, PARTNERSHIPS or | ) |
| OTHER ENTITIES 1-10, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

Dated: Honolulu, Hawai'i, _____JUL 24 2015_____

WILLIAM FENTON SINK
Attorney for Plaintiff

| STATE OF HAWAI'I<br>CIRCUIT COURT<br>OF THE FIRST CIRCUIT | SUMMONS<br>TO ANSWER CIVIL COMPLAINT | CASE NUMBER |
|---|---|---|
| PLAINTIFF,<br>MARYA I. POORE, | VS. | DEFENDANT.<br>STATE FARM INSURANCE COMPANY, JOHN AND MARY DOES 1-10, DOE CORPORATIONS, PARTNERSHIPS or OTHER ENTITIES 1-10, |
| PLAINTIFF'S ADDRESS (NAME, ADDRESS, TEL. NO.)<br>WILLIAM FENTON SINK #3546<br>735 Bishop Street, Suite 400<br>Honolulu, Hawai'i 96813<br>Telephone: 531-7162 | | |

### TO THE ABOVE-NAMED DEFENDANT(S)

You are hereby summoned and required to file with the court and serve upon

WILLIAM FENTON SINK, ESQ.

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| DATE ISSUED<br>JUL 24 2015 | CLERK<br>J. KUBO | |
|---|---|---|
| I do hereby certify that this is full, true, and correct copy of the original on file in this office | Circuit Court Clerk | |

In accordance with the Americans with Disabilities Act and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the First Circuit Court Administration Office at PHONE NO. 539-4333, FAX 539-4322, or TTY 539-4853, at least ten (10) working days prior to your hearing or appointment date.

Reprographics (07/11)                                                                 SUMMONS TO ANSWER CIVIL COMPLAINT 1C-P-787